David K. W. Wilson, Jr.
Robert M. Farris-Olsen
MORRISON, SHERWOOD, WILSON & DEOLA
401 North Last Chance Gulch
Helena, MT  59601
(406) 442-3261
(406) 443-7294 (Fax)
kwilson@mswdlaw.com
rfolsen@mswdlaw.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA, MISSOULA DIVISION**

| | |
|---|---|
| WALTER POOL,<br><br>                Plaintiff,<br><br>     v.<br><br>EXPERIAN INFORMATION SOLUTIONS; MERIDIAN FINANCIAL SERVICES, INC.; and, SUNBURST CONDOMINIUM FRACTIONAL OWNER'S ASSOCIATION,<br>                Defendants. | Cause No.: _____<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COME NOW Plaintiff, Walter Pool, and brings this cause of action violations of the Fair Credit Reporting Act, Fair Debt Collection Practices Act and the Montana Consumer Protection Act.

1

## PARTIES

1. Plaintiff, Walter Pool, is an individual residing in Granite County, Montana.

2. Defendant Experian Information Solutions (Experian) is a foreign corporation duly authorized to do business in the State of Montana.

3. Defendant Meridian Financial Services, Inc. (Meridian), is a third-party debt Collection Agency located in Asheville, North Carolina.

4. Defendant Sunburst Condominium Fractional Owner's Association (Sunburst) is a Colorado corporation organized exclusively to provide for the management, maintenance and care of Fractional Units within the Sunburst Condominium Project in Steamboat Springs, Colorado.

## VENUE AND JURISDICTION

5. Experian is a "consumer reporting agencies" as that term is defined by 15 U.S.C. § 1681a(f) of the Fair Credit Reporting Act. Meridian and Sunburst are "furnishers" of information, as that term is used at 15 U.S.C. § 1681s-2. This Court has jurisdiction over this matter based upon 28 U.S.C. § 1331, in that this dispute involves predominant issues of federal law. Specifically, this Court has jurisdiction under 15 U.S.C. § 1681p. The Defendants are liable to the Plaintiff pursuant to the provisions of the "Consumer Credit Protection Act of 1968," 15 U.S.C. § 1601, *et seq*. Supplemental jurisdiction exists for state law claims

pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §2201 and §2202.  Defendants are also liable to the Plaintiff pursuant to the laws of the State of Montana, which claims may be brought under the pendant jurisdiction of this Court.

6.   Venue is proper in the Missoula Division, pursuant to Rule 3.2 (b), Local Rules of Procedure and § 25-2-122, MCA in that the Plaintiff resides in, and Defendants do business in the Missoula Division.

## FACTS

### *Background*

7.   The Plaintiff currently resides in Granite County, Montana.

8.   On or about February 24, 1996, Plaintiff and his then-spouse, Barbara Pool, purchased a time-share in the Sunburst Condominium Project in Steamboat Springs, Routt County, Colorado. They obtained an undivided two percent interest in Unit 116 in Building A according to the Condominium Declaration and Map for Sunburst Condominiums.  They were entitled to use the property during the 30th week of the year.

9.   They borrowed approximately $5,400 from All Seasons Resorts, Inc., to purchase the two percent interest. They executed a note and deed of trust on or about February 24, 1996.

10. As part of the ownership in the condominium, the Pools were responsible for paying maintenance fees and other fees to Sunburst.

11. In 1998, Ms. Pool was diagnosed with cancer, and due to the resulting financial hardship, the Pools were unable to afford their Condominium.

12. On or about January 30, 2002, the All Season's recorded a notice of election and demand for sale of the Pools' two percent interest in the condominium. At the time, approximately $4,011.83 was owed on the note.

13. On or about March 26, 2002, a public trustee's sale was held to sell the Pools' interest in the condominium. All Seasons purchased the property at the sale and received a trustee's deed on or about June 13, 2002.

14. Once All Season's purchased the property, the Pools' had no ownership interest in the condominium going forward. The Pools also had no interest in any other Sunburst property.

15. In 2011, Ms. Pool passed away.

16. In 2014 and 2015, Experian began reporting three trade lines for Meridian Financial Services (Partial Account Nos. 1538328, 1538329, and 1641322). Each account was listed as being in collections, and the original creditor on each account was Sunburst.

17. On or about April 14, 2015, Mr. Pool advised Sunburst that he was trying to purchase a home, but because of the collection efforts of Meridian, he

was unable to do so. Mr. Pool requested that Sunburst and Meridian remove the debt from his credit report.

18. On or about March 6, 2016, Mr. Pool sent a letter to Experian disputing the three Meridian tradelines. Pursuant to its standard practice and procedure, Experian transmitted the dispute to Meridian, which verified that the reporting was accurate.

19. On or about March 10, 2016, Meridian sent Mr. Pool a statement asserting that he owed $11,620.67 for the condominium. In the letter, Meridian identified itself as a debt collector and advised Mr. Pool he had thirty days in which to dispute the debt. Meridian further explained that if Mr. Pool disputed the debt, Meridian would obtain verification of the debt and mail it to Mr. Pool.

20. On or about March 15, 2016, Mr. Pool disputed Meridian's collection efforts, and requested that it verify the debt. He also advised Meridian that his interest in the condominium was sold in 2002, and that it should no longer be reporting the debt to the credit reporting agencies.

21. On or about April 4, 2016, Experian responded to Mr. Pool's dispute, but refused to delete the Meridian tradelines. In its response, Experian advised Mr. Pool that he could request a description of how it processed the dispute.

22. On or about April 7, 2016, Meridian responded to Mr. Pool's dispute of its collection, and advised him that it had researched the ownership issue, and

confirmed that "no new recording have been registered transferring your ownership, therefore you are still the owner of the property."

23. At the time, the notice of trustee's sale of the condominium, certificate of trustee's sale, and trustee's deed – all dated from 2002, were publically available on the Routt County Clerk and Recorder's website.

24. In its April 7, 2016, Meridian did not provide any verification of the debt.

25. On or about April 11, 2016, Mr. Pool again disputed the Meridian accounts with Experian. In this dispute, he again explained the transfer of the property and noted that the accounts were more than seven years old and had "aged-out". Additionally, he relied on the advice of Experian and asked for a description of how the March 6, 2016, dispute was processed. He further noted that the debt to Meridian was originally for Sunburst.

26. In response to the April 11, 2016, Experian identified Meridian as the furnisher that it had contacted, but refused to reinvestigate the claims.

27. Then, on or about May 4, 2016, Mr. Pool again disputed the debt with Meridian and provided it with the public records showing a transfer of his interest in the Condominium in 2002, or more than 14 years prior. The recorded deed was publically available on Routt County's website.

28. In response the May 4, 2016, letter Meridian alleged that it had contacted Sunburst and Sunburst stated that it had not received a copy of the recorded deed. Instead, despite having possession of the document proving that Mr. Pool's interest had sold long ago, Meridian asserted that Mr. Pool owed $12,894.68.

29. Thereafter, Meridian started reporting the debt to another credit reporting agency, TransUnion, no later than August 2016. When Mr. Pool disputed the reporting with TransUnion, Transunion immediately deleted the tradeline.

30. Thereafter, on or about September 13, 2016, Sunburst sent Mr. Pool a notice of an upcoming annual meeting. At the time, Mr. Pool was not a member of Sunburst as he had no interest in any condominium property.

31. On or about September 27, 2016, Sunburst sent Mr. Pool a bill for $9,932.49 for debt he allegedly owed on Unit 116, even though he had not had any interest in the condominium since 2002.

32. By October 14, 2016, Experian was reporting the Meridian debts as Sunburst debts. So Mr. Pool again disputed the debts on or about October 19, 2016. He attached a copy of the documents available on the Routt County Clerk and Recorder's website.

33. On or about November 18, 2016, Experian responded to Mr. Pool's dispute and again refused to remove the Meridian accounts. Experian stated that it

had contacted Meridian, which verified that Mr. Pool owed the debts. This was incorrect.

34. Meridian, Sunburst and Experian's actions have damaged Mr. Pool. The continued incorrect reporting of delinquent accounts more than 14 years old, when they should have been removed, as required by the Fair Credit Reporting Act, has caused the Plaintiff significant financial hardship.

35. In addition to the incorrect credit reporting, Mr. Pool has been damaged by Sunburst and Meridian's collection actions as outlined above.

36. His damages include but are not limited to damage to credit, lost time and income, expenses of responding to the lawsuit, and emotional distress and mental anguish.

### *CAUSES OF ACTION AGAINST DEFENDANT MERIDIAN*

#### Count One – Negligent and/or Willful Violations of the Fair Credit Reporting Act

37. The preceding paragraphs are realleged as though set forth in full hereunder.

38. After receiving a consumer dispute from a consumer reporting agency, a creditor or furnisher of information must conduct a reasonable investigation into the matters disputed, and correct the reports made to credit reporting agencies to ensure that the information on the consumer's report is accurate. 15 U.S.C. § 1681s(2)(B).

39. Following disputes by the Plaintiff, Experian conveyed his disputes to Meridian by computer or otherwise. Meridian failed to conduct a reasonable reinvestigation of the Plaintiff's account, failed to change its reports, and continued to inaccurately report the Meridian accounts. Plaintiff also sent disputes directly to Meridian. The outcome of all correspondence and conversations was the same, Meridian failed to change its reports, and continued to inaccurately report the Meridian debt.

40. Meridian is liable to the Plaintiff for damages and attorney fees under 15 U.S.C. § 1681n and/or § 1681o.

### Count Two – Fair Debt Collection Practices Act

41. The preceding paragraphs are realleged as though set forth in full hereunder.

42. Plaintiff is a "consumer" pursuant to the FDCPA.

43. Defendant is a "debt collector" pursuant to the FDCPA.

44. Defendant was attempting to collect a "debt" pursuant to the FDCPA.

45. Defendant's violations of the FDCPA include, but are not limited to:

   a. Falsely representing that Mr. Pool owed money on the Sunburst debt in violation of 15 U.S.C. § 1692e(2);

   b. Alternatively, if Mr. Pool owed a debt on the condominium, any collection effort was time-barred as any breach occurred prior to

       2002, and Meridian's actions violated 15 U.S.C. §§ 1692e and 1692f.

    c.    Falsely representing that Meridian would provide verification of the debt in violation of 15 U.S.C. § 1692e

    d.    Communicating to Experian and TransUnion that Mr. Pool owed money to Meridian when it knew or should have known that Mr. Pool did not owe any money to Meridian in violation of 15 U.S.C. § 1692e(8).

    e.    Using unfair and unconscionable means to collect the alleged debt in violation of 15 U.S.C. § 1692f.

    f.    Failing to verify the debt in violation of 15 U.S.C. § 1692g.

46.    As a result of these actions, Defendant is liable for actual and statutory damages, and attorney's fees.

## Count Three – Montana Consumer Protection Act

47.    The preceding paragraphs are realleged as though set forth in full hereunder.

48.    Plaintiff is a "consumer" under the MCPA.

49.    Defendant was engaged in "trade or commerce."

50.    Defendant's acts and/or practices were unfair and/or deceptive in violation of § 30-14-103, MCA. They include, but are not limited to, Meridian's

informing Mr. Pool that his original transaction with Sunburst involved rights, remedies or obligations that it did not involve, because Mr. Pool's contractual relationship with Sunburst ceased in 2002.

51. As a result of Defendant's actions, Plaintiff suffered an ascertainable loss of money or property, and has suffered mental anguish and emotional distress.

52. Defendant is liable for Plaintiff's actual or statutory damages, treble damages, and attorney's fees.

## CAUSES OF ACTION AGAINST SUNBURST

### Count Four – Montana Consumer Protection Act

53. The preceding paragraphs are realleged as though set forth in full hereunder.

54. Plaintiff is a "consumer" under the MCPA.

55. Defendant was engaged in "trade or commerce."

56. Defendant's acts and/or practices were unfair and/or deceptive in violation of § 30-14-103, MCA. They include, but are not limited to, Sunburst's informing Mr. Pool that his original transaction with Sunburst involved rights, remedies or obligations that it did not involve, because Mr. Pool's contractual relationship with Sunburst ceased in 2002.

57. As a result of Defendant's actions, Plaintiff suffered an ascertainable loss of money or property, and has suffered mental anguish and emotional distress.

58. Defendant is liable for Plaintiff's actual or statutory damages, treble damages, and attorney's fees.

## Count Five – Negligent and/or Willful Violations of the Fair Credit Reporting Act

59. The preceding paragraphs are realleged as though set forth in full hereunder.

60. After receiving a consumer dispute from a consumer reporting agency, a creditor or furnisher of information must conduct a reasonable investigation into the matters disputed, and correct the reports made to credit reporting agencies to ensure that the information on the consumer's report is accurate. 15 U.S.C. § 1681s(2)(B).

61. Following disputes by the Plaintiff, Experian conveyed his disputes to Sunburst by computer or otherwise. Sunburst failed to conduct a reasonable reinvestigation of the Plaintiff's account, failed to change its reports, and continued to inaccurately report the Sunburst accounts. Plaintiff also sent disputes directly to Sunburst. The outcome of all correspondence and conversations was the same; Meridian failed to change its reports, and continued to inaccurately report the Meridian debt.

62. Sunburst is liable to the Plaintiff for damages and attorney fees under 15 U.S.C. § 1681n and/or § 1681o.

## *CAUSES OF ACTION AGAINST EXPERIAN*

## Count Six - Violations of the Fair Credit Reporting Act

63. The preceding paragraphs are realleged as though set forth in full hereunder.

64. Defendant Experian has violated 15 U.S.C. § 1681i of the Fair Credit Reporting Act by negligently and/or willfully failing to perform a reasonable investigation of the Plaintiff's disputes of the inaccurate Meridian and Sunburst reporting on his credit reports, despite abundant proof provided by Plaintiff accompanying this dispute correspondence.

65. Experian has also willfully and/or negligently violated 15 U.S.C. § 1681e (b) of the Fair Credit Reporting Act by failing to maintain reasonable procedures to assure maximum possible accuracy of the credit reports that they generated regarding the Plaintiff.

66. Pursuant to 15 U.S.C. § 1681o of the Fair Credit Reporting Act, Experian's actions in negligently violating the Fair Credit Reporting Act entitle the Plaintiff to recovery for his actual damages as well as attorneys' fees and costs. In addition, Experian's actions in willfully violating the Fair Credit Reporting Act entitle the Plaintiff to the recovery of actual damages, punitive damages, attorneys' fees and costs, pursuant to 15 U.S.C. § 1681n.

67. Experian also maliciously and/or willfully defamed the Plaintiff by its continued publications of the erroneous and derogatory information to third parties after it knew or should have known that Meridian and Sunburst were incorrectly reporting the debt.

68. Experian's actions and omissions are evidence of its recklessness, gross negligence, and wanton disregard for the Plaintiff's rights, personal and financial safety, credit reputation and good name, as well as his emotional well being.

## *CAUSES OF ACTION AGAINST ALL DEFENDANTS*

### Count Seven – Punitive Damages

69. The preceding paragraphs are realleged as though set forth in full hereunder.

70. As a result of Defendants' violations of the Fair Credit Reporting Act and their malicious defamations of the Plaintiff's good name, the Plaintiff isentitled to an award of punitive damages under the FCRA for the actions of the Defendants as set forth herein.

71. Defendants acted with actual fraud and actual malice towards Mr. Pool in attempting to collect a debt that was not owed, or at a minimum was time-barred from being a collected. Defendants knew these facts, yet continued

attempting to try and collect money from Mr. Pool. The facts warrant punitive damages under §§ 27-1-220 and -221, Mont. Code Ann.

## PRAYER FOR RELIEF

WHEREFORE, The Plaintiff prays for the following relief:

1. For actual damages;

2. For attorneys fees and costs, pursuant to 15 U.S.C. 1681n & o, 15 U.S.C. § 1692k, and § 30-14-133, Mont. Code Ann.

3. For treble damages pursuant to § 30-14-133, Mont Code Ann.

4. For punitive damages, pursuant to 15 U.S.C. 1681n and §§ 27-1-220 and -221, Mont. Code Ann.;

5. For any applicable statutory damages; and,

6. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38, F. R. Civ. P., Plaintiff hereby demands a trial by jury of the issues triable by right by jury.

DATED this 13th day of December, 2016.

By: /s/ Robert Farris-Olsen
Robert Farris-Olsen
Morrison, Sherwood, Wilson & Deola PLLP
*Attorneys for Plaintiff*